IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40910
_____


ARNOLD DAVILA,

                         Plaintiff-Appellant,

v.


KEITH PRICE, Warden, Individually and in his capacity
as Warden; E HIGHTOWER, Individually and in his
official capacity as Unit Classification Committee
Member; "DENNER", Individually and in her official
capacity as Investigator; "BLACK MAN", Individually and
in his official capacity; O'REILLY, Warden; "WILLIAMS",
Individually and in his official capacity; JAMES ANDY
COLLINS,

                         Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(G-9-CV-325)
_____
October 6, 1997

Before KING and JONES, Circuit Judges, and KENDALL,[*] District
Judge.

PER CURIAM:[**]

_____

   [*]     District Judge of the Northern District of Texas,
sitting by designation.

   [**]     Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Plaintiff-appellant Arnold Davila appeals the district court's dismissal of his civil rights complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). We affirm the judgment of the district court.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

In 1992, Arnold Davila, an inmate at the Darrington Unit of the Texas Department of Criminal Justice (TDCJ), filed a pro se and in forma pauperis civil rights complaint against numerous TDCJ officials pursuant to 42 U.S.C. § 1983. Davila alleged that TDCJ officials had retaliated against him for filing various other lawsuits on behalf of himself and other inmates.

In August 1992, the magistrate judge ordered Davila to submit a more definite statement of the facts concerning his action and warned Davila that failure to comply with his order within thirty days might result in dismissal of the action. The record indicates that Davila filed no pleadings until March 1995, when he submitted a motion for a writ of mandamus against the magistrate judge. Although he argued in a general manner that the magistrate's consideration of the case was prejudiced, Davila gave no clear indication that he had or would comply with the magistrate judge's order to file a more definite statement. The bulk of the motion concerned Davila's allegation that his good-time credits were not being calculated properly.

2

In December 1995, as a result of Davila's failure to comply with his order to file a more definite statement, the magistrate judge recommended that the district court dismiss Davila's complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The magistrate judge further noted that "a review of the pleadings at this stage suggests that this case lacks merit and could potentially be dismissed as frivolous." Davila objected to the recommendation, arguing that the magistrate judge was "playing active role of counsel for the defendants" and "[v]oicing opinions that lack merit." Davila further asserted that he had answered the magistrate judge's order on September 6, 1992, and he offered to provide the court with copies of his reply. Moreover, he insulted the court, suggesting that the magistrate judge was lying because he had been "bought off" by the defendants.

On August 15, 1996, after conducting a de novo review of the record, the district court adopted the magistrate judge's report and recommendation and dismissed the complaint without prejudice for want of prosecution. Davila filed a timely notice of appeal on September 3, 1996, and this court granted Davila leave to proceed in forma pauperis.

On appeal, Davila contends that the district court abused its discretion by dismissing his complaint because he was not "at fault" and because he actually had answered the magistrate judge's order for a more definite statement. He argues that the

3

dismissal without prejudice of his complaint actually operates as a dismissal with prejudice because the statute of limitations prevents him from refiling the suit.

## II.  STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss <u>sua</u> <u>sponte</u> an action for failure to prosecute or for failure to comply with any court order. <u>McCullough v. Lynaugh</u>, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630-31 (1962)). We review a dismissal under Rule 41(b) for abuse of discretion. <u>Id.</u>  In this case, however, the dismissal operates as a dismissal with prejudice because the statute of limitations has run.  <u>Long v. Simmons</u>, 77 F.3d 878, 880 (5th Cir. 1996).  Where the dismissal operates as a dismissal with prejudice, the district court should give "full regard [to] the severity of the sanction," but abuse of discretion remains the standard of review that this court applies.  <u>Ramsay v. Bailey</u>, 531 F.2d 706, 708 (5th Cir. 1976), <u>cert. denied</u>, 429 U.S. 1107 (1977).

## II.  DISCUSSION

A significant body of case law exists in this circuit describing what constitutes an abuse of discretion where a case is dismissed with prejudice.  Such a dismissal is appropriate

4

only if there is a "'"clear record of delay or contumacious conduct by the plaintiff, . . . , and when lesser sanctions would not serve the best interests of justice."'" Callip v. Harris County Child Welfare Dep't, 757 F.2d 1513, 1519 (5th Cir. 1985) (quoting Rogers v. Kroger Co., 669 F.2d 317, 320 (5th Cir. 1982) (quoting Pond v. Braniff Airways, Inc., 453 F.2d 347, 349 (5th Cir. 1972)) (omission in original)).  Moreover, we consistently have required that the "record reflect[] that the district court employed lesser sanctions before dismissing the action." Long, 77 F.3d at 880.  Lesser sanctions might include "[a]ssessments of fines, costs, or damages against the plaintiff . . . , . . . conditional dismissal, dismissal without prejudice, and explicit warnings." Callip, 757 F.2d at 1521 (quoting Rogers, 669 F.2d at 322); see also Gist v. Lugo, 165 F.R.D. 474, 478 (E.D. Tex. 1996) (noting the importance of "clearly warning plaintiff that he risked dismissal").  Finally, in most cases where a dismissal with prejudice has been affirmed, we have found that one or more of three "aggravating factors" were present:  "(1) delay attributable directly to the plaintiff, rather than his attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional conduct." Callip, 757 F.2d at 1519.  Where the district court has not complied with these requirements, we must conclude that it abused its discretion in dismissing the action.

Looking first at the issue of explicit warnings, we note that Davila was clearly warned that failure to file the more definite statement could result in dismissal of his case.

Looking next at the issue of alternative sanctions, we recognize that the majority of the lesser sanctions available to a district court are unlikely to create the same incentive to comply in a litigant who proceeds in forma pauperis, and is therefore essentially judgment proof, than in the average litigant who pays her own way in court.  Cf. Neitzke v. Williams, 490 U.S. 319, 324 (1989) ("[A] litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."); Burns v. C/O Glick, 158 F.R.D 354, 356 (E.D. Pa. 1994) (finding dismissal to be the only appropriate sanction because in forma pauperis plaintiff could not pay any costs or fees assessed against him).  Thus, in a case such as this, where the majority of alternative sanctions are likely to be useless, we apply with some leniency and flexibility the general rule that the district court must consider such action before dismissing a case.

Turning to the matter of delay, by the time the magistrate judge recommended the dismissal of Davila's case, nearly three years had passed since the issuance of the order for a more definite statement.  A time period of that length with no action

6

in a case[1] clearly works against Davila. It is a litigant's responsibility to ensure that his pleadings are filed with the court in a proper and timely manner and that the case is kept moving. We note that here, the sanctions issue is intertwined with the delay issue. The district court's judgment dismissed the case without prejudice, which is one of the lesser sanctions mentioned in a number of our cases. It is the length of the delay, chargeable on this record to Davila, that has operated to turn that dismissal into one with prejudice.

We turn next to Davila's claim that he objected to the dismissal, arguing that he had complied with the order and offering to supply the court with another copy of his more definite statement. Davila provided no evidence supporting his assertion.[2] The district court did not abuse its discretion in

---

[1] The only communication that the record reveals Davila to have had with the court between the Order for a More Definite Statement and the magistrate's Report and Recommendation is the aforementioned "Pro-Se Writ of Mandamus," in which Davila accused the magistrate judge of "prejudicing" his case and of failing to act in "good faith."

[2] On appeal, Davila has appended to his brief exhibits which include (1) a letter, purportedly dated September 6, 1992, to an unspecified court clerk indicating that Davila had forwarded a more definite statement; (2) the purported more definite statement; and (3) a mailroom log indicating that an unidentified piece of legal mail had been forwarded to the district court on September 9, 1992. While the documents submitted by Davila arguably support his claim that he responded to the magistrate judge's order, this court ordinarily will not enlarge the record on appeal to include material not before the district court. United States v. Flores, 887 F.2d 543, 546 (5th Cir. 1989). Thus, we do not consider the information appended to the appellate brief.

concluding that this was not an adequate response. Davila had been advised that his case would be dismissed if he failed to file the more definite statement as ordered, and he had been further advised that it had not been filed. Rather than simply offering to supply the court with another copy and attempting to put the burden on the court to ask for one, Davila should have tendered the more definite statement and evidence that it had been sent off for filing. Had he done so, the district court's response might well have been different, as might ours.

Finally, we note that it was within the district court's discretion to conclude that Davila's disrespect for the court, as evidenced by his continued insulting of the court's integrity throughout his briefs, constituted contumacious conduct warranting a dismissal. On this record, we cannot conclude that the district court's decision to use the ultimate sanction of dismissal (with prejudice as it has turned out) constituted an abuse of discretion.

## III.  CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.